IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PATRICIA MILLER

VS.  CIVIL ACTION NO. 1:09CV138-GHD-DAS

MICHAEL J. ASTRUE,
Commissioner of Social Security

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security terminating the claimant's eligibility for benefits under Title II of the Social Security Act. The parties have not consented to have a magistrate judge conduct all the proceedings in this case; therefore, the undersigned submits this report and recommendation to the United States District Judge.

## DISCUSSION

42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

On March 16, 2009, the Appeals Council of the Social Security Administration denied the claimant's request for review of the Administrative Law Judge's ("ALJ") denial of her claim for continued disability benefits. As a result, the ALJ's decision became the "final decision" of the commissioner, and the claimant had sixty days from receipt of the Council's notice to file the present action. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000). Allowing five

1

days for mail, the complaint was due in this court on or before May 20, 2009 but was filed on May 21, 2009. *See* 20 C.F.R. §§ 416.1401, 422.210(c). The commissioner, therefore, moves for dismissal or alternatively, summary judgment, and this court recommends that the motion be granted.

While the motion and recommendation that the motion be granted may appear draconian, the court attempted to avert such a result by first ordering the claimant to respond to the motion to dismiss. The commissioner filed the motion to dismiss on July 8, 2009. On August 4 after no response had been filed, this court entered an order requiring the claimant to respond within five days. The claimant then requested an extension of time, and this court granted another extension until August 11 to respond. To date – one week after the deadline set – the claimant has still provided no response. After granting two extensions of time *after* the initial time-period had expired and receiving no response, the court can only surmise the claimant has conceded the motion.

Nevertheless, looking to the motion, the court finds the claimant did file the present action after the time limit imposed by § 405(g) of the Social Security Act, and thus recommends that the present motion be granted. Because the court has considered the declaration of Patrick J. Herbst along with the documents attached to Mr. Herbst's declaration, including the Notice of the Appeals Council dated March 16, 2009, the court recommends granting the motion as one for summary judgment. *See Bossard v. Exxon Corp.*, 559 F.2d 1040, 1041 (5th Cir. 1977) (noting when district courts rule on motions to dismiss and consider information outside the pleadings, those motions to dismiss are to be treated as motions for summary judgment under Rule 56).

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Rule 72(b) of the Federal Rules

of Civil Procedure for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 18th day of August 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE